UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA

v.

JERRELL S. CASEY,

Petitioner.

Action No. 3:09−CR−282

MEMORANDUM OPINION

Jerrell Casey, a federal inmate proceeding *pro se*, filed this petition under 28 U.S.C.

§ 2255.  Casey levels five attacks upon his conviction and sentence.  The United States has

responded, and Casey has replied.  The matter is therefore ripe for disposition.

I. Procedural History

A grand jury indicted Casey for conspiracy to distribute cocaine, possession with intent to

distribute controlled substances, and possession of a firearm in furtherance of a drug trafficking

crime, on August 17, 2009.  David Lett represented Casey throughout his proceedings.

On September 30, 2009, Casey entered into a plea agreement with the United States,

under which he pled guilty to conspiracy to distribute cocaine, in violation of 21 U.S.C. § 841.

(*See* Plea Agreement, Docket No. 11.)  According to the Statement of Facts incorporated into

Casey's plea agreement, Casey admitted conspiring to possess with intent to distribute five

kilograms or more of cocaine hydrochloride.  Beginning in February 2009, confidential

informants told law enforcement officials they had purchased over five kilograms of cocaine

from Casey.  Using this information, ATF agents obtained a warrant to search Casey's car, his

1

Henrico County residence, and an apartment he frequented in Richmond, Virginia.  ATF agents, along with local law enforcement officials, executed the warrant on July 24, 2009, turning up roughly 1.8 kilograms of cocaine, one firearm, and $310,026.  Casey admitted he possessed the cocaine with intent to distribute it and the currency represented proceeds from drug sales.  Casey also admitted that the amount of cocaine attributed to him for sentencing purposes was more than fifteen, but less than fifty, kilograms.  (*See* Statement of Facts, Docket No. 12.)

The plea agreement provided that Casey faced a mandatory minimum sentence of ten years and a maximum term of imprisonment of life.  (Plea Agreement ¶ 1.)  The plea agreement also reminded Casey that the Court would make the ultimate determination of his sentence and, accordingly, the United States made no promise concerning the sentence he would receive.  (Plea Agreement ¶ 5.)  Furthermore, the plea agreement stated that the accompanying statement of facts "constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines."[1]  (Plea Agreement ¶ 3.)

II.  Petitioner's Grounds for Relief

Since Casey proceeds *pro se*, the Court has read Casey's petition charitably, under a less stringent standard than the Court would hold a petitioner represented by an attorney.  *Haines v. Kerner*, 404 U.S. 519, 520 (1979). Casey contends that he is entitled to relief on the following grounds:

Claim 1     The indictment failed to properly charge Casey with conspiracy under 21 U.S.C. § 846.

Claim 2     The drug quantity stated in the indictment improperly varied with the drug quantity for which Casey was made responsible in his statement of facts.

---

[1] Section 1B1.2 provides, in pertinent part, "in the case of a plea agreement . . . containing a stipulation that specifically establishes a more serious offense than the offense of conviction, determine the offense guideline section in Chapter Two applicable to the stipulated offense."  U.S.S.G. § 1B1.2(a) (2010).

Claim 3 The Court impermissibly enhanced Casey's sentence under 18 U.S.C. § 924(c) and U.S.S.G. § 2K2.1.

Claim 4 The § 924(c) enhancement constructively amended the indictment.

Claim 5 Counsel rendered ineffective assistance:

  a. Counsel improperly advised Casey that his "only defense" was to plead guilty and failed to investigate the Government's evidence.

  b. Counsel failed to secure Casey's "appellate rights."

  c. Counsel improperly told Casey that "a mere buyer-seller relationship would support a conspiracy conviction and that the evidence seized at his home proved his guilt of conspiracy."

  d. Counsel failed to investigate Casey's competence to stand trial.

As an initial matter, two of these claims are barred from review here. Absent showings of cause and prejudice or actual innocence, Claim 2 is barred because Casey could have raised the claim on direct appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *United States v. Linder*, 552 F.3d 391, 396-97 (4th Cir. 2009). Even if the Court entertained Casey's contention that the variance in drug quantity prejudiced him by increasing his sentencing exposure, Casey has not attempted to demonstrate cause for his failure to raise the issue on direct appeal. *See Reed v. Ross*, 468 U.S. 1, 12 (1984). Claim 3 is barred for a similar reason. Casey could have raised his § 924(c) enhancement on direct appeal. Casey voluntarily waived his right to appeal his sentence, and he has not shown cause and prejudice related to his failure to appeal. (Plea Hr'g Tr. 11.) As a result, his assignment of error to the § 924(c) enhancement is procedurally defaulted.

III. <u>Ineffective Assistance of Counsel</u>

  To demonstrate the ineffective assistance of counsel, a defendant must show first that

counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To satisfy the deficient performance facet of *Strickland*, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689).  The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.  In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissed for lack of prejudice.  *Id.* at 697.

In the context of a guilty plea, the Supreme Court has modified this second prong of *Strickland* to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).   A petitioner's assertion that he would have pled not guilty but for counsel's alleged error is not dispositive of the issue.  *See United States v. Mora-Gomez*, 875 F. Supp. 1208, 1214 (E.D. Va. 1995).  Rather, "[t]his is an objective inquiry," *see Hooper v. Garraghty,* 845 F.2d 471, 475 (4th Cir. 1988), "and dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007), *cert. denied*, 128 S. Ct. 2975 (2008) (quoting *Hill*, 474 U.S. at 59-60).  The Court looks to all the facts and circumstances surrounding a petitioner's plea, including the likelihood of conviction and any potential sentencing benefit to pleading guilty.  *Id.* at 369-70.  Of course, in conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor during

the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

In his petition, Casey contends his attorney told Casey his only option was to plead guilty, failed to secure Casey's "appellate rights," and told him improperly that the Government's evidence supported a conviction for conspiracy to distribute cocaine. Generally, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005). Casey's complaints about counsel's performance directly contradict his sworn assurances during his Rule 11 proceedings and therefore are palpably incredible. *Id.*

Casey's plea colloquy belies his contentions that his attorney told him his only option was to plead guilty and that Casey's attorney failed to investigate the evidence against him. Casey cannot gain habeas relief on the basis of counsel's purported failure to investigate inculpatory evidence unless he brings to the Court's attention some favorable evidence or testimony he would have produced at trial. *Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996). Casey fails to offer any evidence or testimony of that kind.

Rather, every indication before the Court suggests Casey's attorney reasonably explained Casey his various options in proceeding with his case. Casey told the Court he had sufficient opportunity to discuss with counsel the indictment, the possibilities for his sentence with his attorney, and "everything about" his case with counsel. (Plea Hr'g Tr. 6-7.) Casey further agreed that he was "entirely satisfied" with his attorney's services and that counsel gave him

5

"enough information for [him] to make up [his] own mind as to what to do." (Plea Hr'g Tr. 7.) Casey also demonstrated that he understood his right not to plead guilty and compel the Government to present its evidence at trial. (Plea Hr'g Tr. 9-11.) He conceded to the magistrate judge that he discussed with his attorney "any and all possible defenses" he could raise at trial. (Plea Hr'g Tr. 8.) All told, Casey has failed to show a reasonable probability that he would have proceeded to trial instead of pleading guilty has counsel further investigated the Government's evidence.

Nor does the record demonstrate that counsel told Casey that a buyer-seller relationship would support a conspiracy conviction. Count One of Casey's indictment accuses him of agreeing with others "known and unknown" to distribute over five kilograms of cocaine hydrochloride. (Indictment 1, Docket No. 6.) As the Court has explained, Casey told the magistrate judge that counsel detailed for Casey the nature of the charge, the Government's evidence against him, and his possible defenses. In court, Casey admitted that he possessed the 1.8 kilograms of cocaine agents found in his car and apartment and that he was involved in a conspiracy to distribute over fifteen kilograms of cocaine. (Plea Hr'g Tr. 15-16.)

The Government's investigation supported these admissions. According to Casey's Presentence Investigation Report ("PSR"), agents began investigating Casey when two co-conspirators revealed that Casey had sold them twenty-four and fourteen kilograms of cocaine since May 2008 and July 2008, respectively. (PSR ¶¶ 9-10.) According to these co-conspirators, Casey carried out drug sales by parking his car in a parking lot of a restaurant or gas station. Casey would leave the car, after which the co-conspirator would enter Casey's car, remove cocaine Casey left in the car, and leave cash in exchange. (PSR ¶ 10.) Casey fails to point the Court to any evidence suggesting he merely engaged in a buyer-seller relationship with respect to

the large amount of cocaine he acknowledged distributing.  *Beaver*, 93 F.3d at 1195.  Having

considered all the evidence on the record, the Court is satisfied that counsel acted within

professional standards and that Casey was not prejudiced by counsel's representation.

Casey's apparent claim that his attorney failed to provide competent counsel by declining

to appeal his conviction is also baseless, since Casey admitted his guilt for this charge in court.

Casey fails to demonstrate any deficiency by counsel with respect to Casey's right to appeal.

Casey knowingly and voluntarily pled guilty for conspiring to distribute over five kilograms of

cocaine in front of the magistrate judge.  (Plea Hr'g Tr. 14, 16.)  He entered into a plea

agreement that recognized Casey's right to appeal, and in which Casey knowingly waived his

right to appeal his conviction.  (Plea Agreement ¶ 6.)  Casey also explained to the Court that he

"accepted [his] responsibility to this charge."  (Sentencing Tr. 33, Docket No. 27.)  Additionally,

Casey waived his right to appeal his sentence before the magistrate judge.  (Plea Hr'g Tr. 11.)

Additionally, Casey contends his attorney failed to investigate his competence to stand

trial and plead guilty.  This argument is groundless.  In order to succeed on this claim, Casey

must point the Court toward some testimony or evidence that demonstrates what further

investigation would have revealed or why it would cause a reasonable defendant to plead not

guilty and insist upon going to trial.  *See Bassette v. Thompson*, 915 F.2d 932, 940-41 (4th Cir.

1990).  Casey fails to bring any such testimony or evidence to the Court's attention.

After Casey admitted his guilt and affirmed his understanding of the plea agreement and

the statement of facts, the magistrate judge concluded Casey was fully competent to enter a

guilty plea.  (Plea Hr'g Tr. 16.)  Casey also told the Court that his attorney's services satisfied

him and made no objection to the Court's finding regarding his competency.  (Plea Hr'g Tr. 7.)

For his attorney's part, counsel averred that Casey's best interest lie in pleading guilty.  (Plea

Hr'g Tr. 13.)  Counsel assured the Court Casey was competent and fully able to cooperate

throughout counsel's representation.  (Plea Hr'g Tr. 13.)  Counsel told the magistrate judge he

knew of no reason the Court should not have accepted Casey's plea.  (Plea Hr'g Tr. 14.)  Casey

has given the Court no reason to believe counsel's judgments were deficient.

      For the reasons stated above, the Court denies Casey's ineffective assistance claim.


## IV.  Sufficiency of the Indictment

      Casey contends in Claim 1 his indictment was insufficient, because it charged him with a

conspiracy without naming other parties to the conspiracy.  As Casey correctly points out, in

order to obtain a conviction under 21 U.S.C. § 846, the United States must demonstrate Casey

agreed with at least one other person to engage in conduct violating a federal drug law.  *See*

*United States v. Green*, 599 F.3d 360, 367 (4th Cir. 2010).  But by entering into a plea agreement

and pleading guilty in open court, Casey waived any non-jurisdictional defects in the indictment.

*Tollet v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Scott*, 343 Fed. App'x 907, 909

(4th Cir. 2009); *United States v. Dinnall*, 269 F.3d 418, 423 n.3 (4th Cir. 2001).  As the Supreme

Court has explained,

> a guilty plea represents a break in the chain of events which has preceded it in the
> criminal process.  When a criminal defendant has solemnly admitted in open court that he
> is in fact guilty of the offense with which he is charged, he may not thereafter raise
> independent claims relating to the deprivation of constitutional rights that occurred prior
> to the entry of the plea.  He may only attack the voluntary and intelligent character of the
> guilty plea by showing that the advice he received from counsel was not within the
> standards set forth in [*McCann v. Richardson*, 397 U.S. 759 (1970)].

*Tollett*, 411 U.S. at 266.  While Casey contends that he failed to receive advice from counsel not

within the range of reasonable professional assistance, the Court has found that argument

wanting.  Otherwise, Casey does not claim his guilty plea was anything but knowing and

voluntary.  Therefore, even if his indictment was facially insufficient, then Casey waived any

challenge to it.

V.   § 924(c) Enhancement

Casey argues in Claim 4 that the Court impermissibly applied the § 924(c) enhancement to his Guidelines calculation.  He first argues that, as a matter of law, the Court was not allowed to apply the enhancement, since Casey did not plead guilty to a substantive violation of 18 U.S.C. § 924(c).  Additionally, Casey contends the enhancement violated his Sixth Amendment right, since applying the enhancement required the Court, and not a jury, to find facts supporting the enhancement.

These two related arguments are incorrect.  Under the advisory Guidelines regime of *United States v. Booker*, a judge may find facts relevant to a particular enhancement by preponderance of the evidence, so long as the Guidelines sentence falls within the statutory maximum authorized by the defendant's plea.  *United States v. Benkhala*, 530 F.3d 300, 312 (4th Cir. 2008).  A judge may find facts supporting such an enhancement in lieu of a jury finding, and in lieu of a conviction under the offense with which the enhancement is associated.  *Id.* Therefore, contrary to Casey's argument, the Government did not constructively amend the indictment by seeking the enhancement, and the sentencing judge had the power apply the enhancement in lieu of a factual finding by the jury.

Casey also argues the facts of his case did not support the enhancement.  That argument is without merit.  In his plea agreement, Casey agreed to forfeit a .22 caliber firearm, over which he admitted he exercised control.  (Plea Agreement ¶ 11.)  Casey's presentence investigation report explains that agents found the firearm in the house Casey owned in Henrico County, Virginia.  (PSR ¶ 14.)  As a result, the Court rejected Casey's objection to the § 924(c)

enhancement.  The Court found that officers discovered a firearm in Casey's home adjacent to proceeds from Casey's offense of conviction.  Since officers discovered the firearm adjacent to evidence of Casey's offense, the two-level enhancement for use of a firearm in furtherance of a drug trafficking crime was appropriate.  (Sentencing Tr. 24-25.)

VI.  <u>Casey's Remaining Motions</u>

In addition to seeking relief under § 2255, Casey makes three other motions.  First, he challenges the composition of the grand jury that indicted him and seeks the information the Clerk used to convene the grand jury.  Second, Casey seeks information related to the grand jury's deliberations, including the names of government officials permitted to review the grand jury subpoenas and transcripts.  *See* Fed. R. Crim. P. 6(e).  The Court denies these motions. Information related to a grand jury proceeding is not available to anyone, including a party to a case, absent a showing of particularized need.  *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222 n.12 (1979).  Casey makes no showing of a particularized need.  Rather, Casey makes two wide-ranging requests, apparently in an unsubstantiated hope of finding some defect in the grand jury proceeding.   Third, Casey moves for summary judgment on his § 2255 petition. Since the Court denies Casey's § 2255 petition, the Court denies this motion.

VII.  <u>Conclusion</u>

For the reasons stated above, the Court DENIES Casey's § 2255 petition.

Let the Clerk send a copy of this Order to all counsel of record.

It is SO ORDERED.

_____/s/_____
James R. Spencer
Chief United States District Judge

ENTERED this __16th___ day of August 2011

11