IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:09CR282 |
| ) | The Honorable James R. Spencer |
| JERRELL S. CASEY, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S UNOPPOSED MOTION TO REDUCE SENTENCE
### PURSUANT TO TITLE 18 U.S.C. § 3582(c)

COMES NOW the Defendant, Jerrell S. Casey, by and through counsel, and respectfully moves this Court pursuant to 18 U.S.C. § 3582(c) for an order reducing his term of imprisonment from 168 months to 135 months, effective November 1, 2015.[1]

### PROCEDURAL BACKGROUND

On August 17, 2009, Mr. Casey was charged with conspiracy to distribute five kilograms or more of cocaine hydrochloride, in violation of Title 21, U.S.C. § 846. On September 30, 2009, Mr. Casey entered a guilty plea in accordance with the terms of a written plea agreement. The advisory guideline range in the Presentence Report ("PSR") was 168-210 months. On January 4, 2010, the Court imposed a sentence of 168 months of imprisonment. Pursuant to the recent changes to the drug quantity table in the federal sentencing guidelines, the Defendant now requests that the Court reduce his sentence to 135 months, effective November 1, 2015.

### ARGUMENT

Effective November 1, 2014, the U.S. Sentencing Commission amended U.S.S.G. § 2D1.1 to change the base offense levels in the drug quantity table. *See* U.S.S.G. App. C amend. 782. The amendment generally reduces by two levels the base offense levels assigned to the drug quantities in § 2D1.1, and makes corresponding changes to § 2D1.11. *See id.* On July 18, 2014, the Commission unanimously voted to make this amendment retroactive as of November 1, 2014.

---

[1] Mr. Casey's current projected release date is October 3, 2021.

However, the Commission also added a special instruction that the effective date of any order reducing a term of imprisonment based on Amendment 782 must be November 1, 2015, or later. *See* U.S.S.G. § 1B1.10(e)(1). Under U.S.S.G. § 1B1.10, Mr. Casey is eligible for relief under the amended advisory guideline range. Pursuant to 18 U.S.C. § 3582(c), this Court has the authority to reduce Mr. Casey's sentence.

**A.     The Court Has the Authority under 18 U.S.C. § 3582(c) to Reduce Mr. Casey's Sentence.**

Title 18 U.S.C. § 3582(c)(2) provides that a court may modify a defendant's term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). As discussed below, the Sentencing Commission has lowered the range applicable to Mr. Casey's sentence. Therefore, the Court has authority pursuant to 18 U.S.C. § 3582(c) to reduce Mr. Casey's sentence.

**B.     The Defendant is Eligible for Relief under U.S.S.G. § 1B1.10.**

U.S.S.G. § 1B1.10 states that "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10(a)(1). Amendment 782 is listed in subsection (d). *See* U.S.S.G. § 1B1.10(d).

The advisory guideline range applicable to Mr. Casey's sentence has been lowered. Specifically, retroactive application of Amendment 782 changes the applicable offense level and corresponding advisory guideline range as follows:

| | **Guideline Calculation** | |
|---|---|---|
| | Drug Type and Quantity: powder cocaine, 15-50kg (*see* PSR Worksheet A; Doc. 75, Drug Guidelines Amendment Application Worksheet) | |
| | **Sentencing** | **Amendment 782** |
| Date: | January 4, 2010 | |
| Base Offense Level: | 34 | 32 |
| Upward Adjustments: | +2 (gun), +2 (reckless endangerment) | +4 |
| Acceptance of Responsibility: | -3 | -3 |
| Adjusted Offense Level: | 35 | 33 |
| Criminal History Category: | I | I |
| Guideline Range: | 168-210 months | 135-168 months |
| Mandatory Minimum: | 120 months | 120 months |
| Sentence Imposed: | 168 months | |

      The Court originally imposed a sentence of 168 months, which fell at the low-end of Mr. Casey's applicable guideline range. Because the advisory guideline range applicable to Mr. Casey has been lowered by Amendment 782, U.S.S.G. § 1B1.10 provides that he is eligible for a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c). Specifically, Mr. Casey's amended guideline range is 135-168 months. A reduction at the same point of the amended guideline range as his original sentence results in a sentence of 135 months.

      A reduction of Mr. Casey's sentence is consistent with the policy statements in U.S.S.G. §1B1.10. First, the exclusions in §1B1.10(a)(2)—prohibiting relief if the amended guideline is not retroactive or does not lower the defendant's guideline range—do not apply to Mr. Casey. As noted above, Amendment 782 has been made retroactive and does lower Mr. Casey's guideline range. Second, §1B1.10(b)(2)(A) prohibits sentence reductions below the amended advisory guideline range. Mr. Casey seeks a sentence reduction to 135 months, a reduction within his amended guideline range. Finally, the application notes to the policy statement direct the Court to consider public safety and post-sentencing conduct when imposing a reduced sentence. *See* U.S.S.G. § 1B1.10, comment. n.1(B)(ii) and (iii). According to a January 2015 progress report prepared by

the Bureau of Prisons, Mr. Casey has no instances of misconduct while incarcerated. Additionally, Mr. Casey had only one criminal history point, which makes him less likely to recidivate upon release. *See* PSR Worksheet C; *Measuring Recidivism: The Criminal History Computation of Federal Sentencing Guidelines*, United States Sentencing Commission (May 2004) at pp. 6-8, 15, 21-23. A reduction in Mr. Casey's sentence is therefore appropriate.

U.S.S.G. § 1B1.10(e)(1) provides that "[t]he court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." However, the application notes to § 1B1.10 state that "[s]ubsection (e)(1) does not preclude the court from conducting sentence reduction proceedings and entering orders under 18 U.S.C. § 3582(c) . . . before November 1, 2015, provided that any order reducing the defendant's term of imprisonment has an effective date of November 1, 2015, or later." U.S.S.G. § 1B1.10 app. note 6.

Based upon the foregoing, Mr. Casey is eligible for relief under U.S.S.G. § 1B1.10, and a reduction in his sentence is consistent with that policy statement. Therefore, the Court should exercise its authority under 18 U.S.C. § 3582(c) and reduce his sentence to 135 months, effective November 1, 2015.

C.   **The Government Does Not Oppose The Defendant's Motion.**

Counsel for the defendant has conferred with counsel of record for the government. The government does not oppose the instant motion for relief. The government agrees that the defendant is eligible for relief, and similarly recommends a reduction from 168 months to 135 months.

## CONCLUSION

For these reasons, the Defendant respectfully requests that the Court enter the proposed Order attached hereto and reduce his sentence to 135 months, effective November 1, 2015.

                Respectfully submitted,

                **Jerrell S. Casey**

                By:   /s/

                Paul E. Shelton, Jr.
                Virginia State Bar Number: 88550
                Office of the Federal Public Defender
                701 East Broad Street, Suite 3600
                Richmond, VA 23219
                Telephone: (804) 565-0890
                Fax: (804) 648-5033
                paul_shelton@fd.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2015, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Peter Duffey
    Office of the United States Attorney
    600 E. Main Street, Suite 1800
    Richmond, Virginia   23219
    Peter.duffey@usdoj.gov

                By:   /s/

                Paul E. Shelton, Jr.
                Virginia State Bar Number: 88550
                Office of the Federal Public Defender
                701 East Broad Street, Suite 3600
                Richmond, VA 23219
                Telephone: (804) 565-0890
                Fax: (804) 648-5033
                paul_shelton@fd.org